UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIU YING WONG WOO; KENNEDY YUEH KIONG WOO WONG,<br><br>              Plaintiffs,<br><br>    v.<br><br>MICHAEL O. LEAVITT; KENNETH P. MORITSUGU; KRISTIE KENNEY; JULIE LOUISE GERBERDING; CONDOLEEZZA RICE,<br><br>              Defendants. | 2:07-cv-02019-GEB-GGH<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

         The September 27, 2007, Order Setting Status (Pretrial Scheduling) Conference ("September 27 Order") scheduled a status conference in this case for December 17, 2007, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1] No status report was filed.

---

       [1]     As the Order states:

           The failure of one or more of the parties to

(continued...)

1

Plaintiffs are Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on February 19, 2008, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for its failure to file a timely status report.

Plaintiffs' written response shall also explain whether Plaintiffs have effected service of process on Defendants, and whether Plaintiffs have served Defendants with a copy of the September 27 Order. If service of process has been completed but Plaintiffs have not yet served Defendants with a copy of the September 27 Order, Plaintiffs shall also show cause why it and/or its counsel should not be sanctioned for failure to timely serve Defendants with a copy of the Order. Further, if service of process has not been completed on or before January 25, 2008, Plaintiffs shall show cause why this action should not be dismissed for failure to serve Defendants within the 120-day time period prescribed by Rule 4(m).

The written response shall also state whether Plaintiffs or its counsel is at fault, and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on March 3, 2008, at

---

[1](...continued)
participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

September 27 Order at 2 n.1.

[2]   "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be

(continued...)

2

9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the September 27 Order, a status report shall be filed no later than February 19, 2008.

IT IS SO ORDERED.

Dated:  December 13, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2](...continued)
lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).