IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SHIU YING WONG WOO, and KENNEDY   )
YUEH KIONG WOO WONG,              )   2:07-cv-2019-GEB-GGH
                                  )
             Plaintiffs,          )
                                  )
     v.                           )   ORDER*
                                  )
MICHAEL O. LEAVITT, Secretary,    )
United States Department of Health)
and Human Services; REAR ADMIRAL  )
KENNETH P. MORITSUGU, M.D., M.P.H.,)
Acting Surgeon General, Office of )
the Surgeon General; JULIE LOUISE )
GERBERDING, M.D., M.P.H., Director,)
Centers for Disease Control and   )
Prevention; CONDOLEEZA RICE,      )
Secretary, United States          )
Department of State; and KRISTIE  )
A. KENNEDY, Ambassador of the     )
United States to the Republic of  )
the Phillipines,                  )
                                  )
             Defendants.          )
_____)
```

Defendants move to dismiss Plaintiffs Shiu Ting Wong Woo ("Woo") and Kennedy Yueh Kiong Woo Wong's ("Wong") (collectively, "Plaintiffs") complaint under Federal Rule of Civil Procedure 12(b)(1)

---

* This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  for lack of subject matter jurisdiction, arguing the consular
2  nonreviewability doctrine bars jurisdiction over Plaintiffs' claims
3  that Wong was wrongfully denied an immigrant visa.
4        Wong applied for an immigrant visa in 2005, based upon an
5  approved immigrant visa petition filed by his mother, Woo.  (Compl. ¶
6  43.)  As part of the visa application process, Wong appeared at the
7  United States Embassy in the Philippines for a medical examination by
8  a panel physician.  (Id. ¶ 44.)  Wong admitted during this examination
9  he had tried marijuana several times in the past.  (Id.)
10 Subsequently, a consular officer at the United States Embassy informed
11 Plaintiffs that Wong's visa was denied since he was inadmissible into
12 the United States because he was a controlled substance violator.
13 (Id. ¶ 46.)  The consular officer did not inform Wong whether he had
14 an opportunity to seek administrative review of the inadmissibility
15 finding.  (Id. ¶ 47.)
16       Plaintiffs allege Defendants exceeded their statutory
17 authority when denying Wong's visa application "based solely upon his
18 admission to experimental drug use, in the absence of any evidence of
19 his prosecution or conviction for violating controlled substances
20 laws."  (Id. ¶ 6.)  Plaintiffs also allege that the panel physician
21 improperly reported Wong's admission to past drug use was a "Class A"
22 or "Class B" medical condition, which would make him inadmissible to
23 the United States.  (Id. ¶ 95.)  Plaintiffs further allege Defendants
24 exceeded their statutory authority by "delegating their statutory
25 mandate to independently review and adjudicate Mr. Wong's immigrant
26 visa application to a panel physician . . ."  (Id. ¶ 9.)  Plaintiffs
27 also allege Defendants violated Plaintiffs' due process rights by
28 denying them an opportunity to challenge the inadmissibility finding

1  through administrative review.  (Id. ¶ 8.)  Plaintiffs seek
2  declaratory and injunctive relief under the Declaratory Judgment Act
3  and the Administrative Procedures Act, including an order vacating the
4  consular officer's denial of Wong's visa application and compelling
5  another medical examination.  (Id. at 54-55.)
6       Defendants seek dismissal, arguing "[i]t is well-settled
7  federal courts lack jurisdiction to review visa-related decisions made
8  by United States consular officers.  Accordingly, the doctrine of
9  consular nonreviewability . . . precludes . . . review[] [of] any
10 decision of a consular officer regarding the adjudication of a visa."
11 (Mot. at 2:3-9.)
12      The Ninth Circuit recently held in an unpublished
13 disposition that the doctrine of consular nonreviewability deprives
14 district courts of subject matter jurisdiction over a complaint
15 alleging government officials exceeded their statutory authority when
16 denying a visa application based on an applicant's admission of one-
17 time or experimental drug use.  Capistrano v. Dep't of State, 2008 WL
18 466181, at *1 (9th Cir. Feb. 19, 2008).[1]  The Ninth circuit stated in
19 Capistrano: "We have consistently held that this doctrine prevents us
20 from reviewing decisions reached by consular officials regarding the
21 entry of visa applicants."  Id. (citing Ventura-Escamilla v.
22 Immigration and Naturalization Service, 647 F.2d 28, 30 (9th Cir.
23 1981) (holding that district courts lack jurisdiction when "the relief
24 sought is a review of the Consul's decision denying [plaintiff's]
25 application for a visa")).

---

[1]  This decision is citable under Federal Rule of Appellate Procedure 32.1 and Ninth Circuit Rule 36-3.  Although Capistrano is not binding precedent (Ninth Circuit Rule 36-3), its reasoning is persuasive.

1  Plaintiffs counter that their complaint is not barred by the
2 consular nonreviewability doctrine, relying on Patel v. Reno, 134 F.3d
3 929, 931-32 (9th Cir. 1997), in which the Ninth Circuit held that
4 "when [a] suit challenges the authority of the consul to take or fail
5 to take an action as opposed to a decision within the consul's
6 discretion," the consular nonreviewability doctrine does not bar
7 jurisdiction. Id. However, "Patel simply holds that where a consular
8 officer has a nondiscretionary duty to act but refuses to do so, the
9 court can grant mandamus relief and force the consulate to issue a
10 decision." Nwansi v. Rice, 2006 WL 2032578, at *3 (N.D. Cal. July 18,
11 2006). In Patel, the consular officers "refused to act" on pending
12 visa applications. Patel, 134 F.3d at 932. Patel does not address
13 the situation here, since Defendants have acted by denying Wong's visa
14 application.

15  Plaintiffs further argue the consular nonreviewability
16 doctrine does not apply because they challenge the "consular
17 officials' failure to exercise their discretionary authority to issue
18 or refuse visas," the "unlawful[] delegat[ion] [of Defendants']
19 statutory and regulatory authority" to the panel physician, and the
20 denial of an opportunity to challenge the inadmissibility finding.
21 (Opp'n at 5:18-6:2.) The essence of Plaintiff's challenge is to the
22 process in which Defendants denied Wong's visa application. But a
23 "challeng[e] [to] the process followed by the consulate rather than
24 its ultimate decision" is "not exempt . . . from th[e] well-settled
25 doctrine" of consular nonreviewability since "[a]t its core, the
26 relief sought . . . would require the [] consulate to revisit its
27 decision denying the visa applications[; and,] [i]ssuing such relief
28 would be exactly what the doctrine of consular nonreviewability

4

1 | prevents [federal courts] from doing." Capistrano, 2008 WL 466181, at
2 | *1; see also Aggarwal v. Sec'y of State, 951 F. Supp. 642, 649 (S.D.
3 | Tex. 1996) (holding consular nonreviewability doctrine barred
4 | plaintiff's suit which alleged procedural due process claim based on
5 | lack of opportunity to rebut reason for visa denial decision).
6 | Accordingly, Defendants' dismissal motion is granted.  This action is
7 | dismissed, and judgment shall be entered in favor of Defendants.
8 |         IT IS SO ORDERED.
9 | Dated:  June 27, 2008

GARLAND E. BURRELL, JR.
United States District Judge